UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

AVERY GLASS,

    Petitioner,

v.

WARDEN DAVID PAUL,

    Respondent.

No. 5:22-CV-040-REW

MEMORANDUM OPINION
AND ORDER

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Petitioner Avery Glass is a federal inmate currently confined at the Federal Medical Center ("FMC")-Lexington, located in Lexington, Kentucky. Proceeding without counsel, Glass has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, DE 5, and has paid the $5.00 filing fee. DE 7.[1] Thus, this matter is before the Court to conduct the initial screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).[2]

In May 2007, Glass was charged in an Indictment issued by a grand jury in the United States District Court for the Western District of Missouri with four counts of distribution of less than five grams of a substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Counts One, Two, Three, and Four); one count of being a being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1),

---

[1] Although Glass failed to sign his original § 2241 petition, he has now filed a signed copy of the petition. *See* DE 5.
[2] A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

1

924(a)(2), 924(e)(1) and (2)(A) and (B) (Count Five); and one count of firearm use or possession in violation of 18 U.S.C. § 924(c)(1)(A) (Count Six). *United States v. Glass*, No. 6:07-cr-3040-BCW-1 (W.D. Mo. 2007) at DE 12.

At the time of Indictment return, Glass had the following prior convictions: (1) a 1992 conviction for robbery in the second degree in the Circuit Court for Boone County, Missouri: (2) two 1998 convictions for distribution of a controlled substance in the Circuit Court for Boone County, Missouri; and (3) a 1999 conviction for institutional vandalism in the Circuit Court for Callaway County, Missouri. *Id*. Because of Glass's criminal history, he qualified as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and was, therefore, subject to a mandatory minimum sentence of 15 years of imprisonment pursuant to 18 U.S.C. § 924(e)(1).[3] Pursuant to a plea agreement with the United States, Glass pleaded guilty to Counts Five and Six of the Indictment on June 18, 2007. *United States v. Glass*, No. 6:07-cr-3040-BCW-1 (W.D. Mo. 2007) at DE 20, 21, 23. On November 19, 2007, Glass was sentenced to a term of imprisonment of 202 months on Count Five and 68 months on Count 6, to run consecutively, for a total term of imprisonment of 270 months. *Id*. at DE 29. Counts One through Four were dismissed by the United States. *Id*.

In June 2016, Glass filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, raising a claim that he no longer qualified as an armed career criminal under the ACCA in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Glass v. United States*, 6:16-cv-3228-BCW (W.D. Mo. 2016). This motion was denied in June 2017. *Id*. at DE 19. Glass

---

[3] The ACCA provides a sentencing enhancement for offenders that have three or more prior convictions for a "serious drug offense" or a "violent felony." 18 U.S.C. § 924(e)(1).

2

appealed to the United States Court of Appeals to the Eighth Circuit, which affirmed the District Court. *Glass v. United States*, No. 17-2540 (8th Cir. Dec. 21, 2018 Order).

In October 2019, Glass filed a second or successive § 2255 motion, which the Missouri federal court dismissed for lack of jurisdiction, as Glass had not obtained authorization from the United States Court of Appeals for the Eighth Circuit prior to filing his motion. *Glass v. United States*, 6:19-cv-3385-BCW (W.D. Mo. 2019).

Glass has now filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in this Court. In his § 2241 petition and supporting memorandum, Glass identifies three grounds for relief: 1) his counsel was ineffective for failure to investigate whether there was a nexus between the firearm and Glass's drug trafficking offenses (which were subsequently dismissed); 2) his sentence was not proper under the ACCA because his prior drug convictions no longer qualify as valid predicate offenses in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016); and 3) his counsel was ineffective for failure to give Glass proper advice regarding his plea offer. *See* DE 5 at 5–6; DE 1-1. In the Memorandum supporting his petition, Glass also argues that his prior convictions for robbery in the second degree and institutional vandalism no longer qualify as valid predicate offenses for purposes of his ACCA sentence enhancement in light of *Borden v. United States*, 141 S. Ct. 1817 (2021). *See* DE 1-1 at 10–11.

While 28 U.S.C. § 2241 "grants federal courts the authority to issue writs of habeas corpus to prisoners whose custody violates federal law," Section 2441's applicability is severely restricted by the scope and eclipsing effects of 28 U.S.C. § 2255. *See Taylor v. Owens*, 990 F.3d 493, 495 (6th Cir. 2021). "[S]ection 2241 typically facilitates only challenges to 'the execution or manner in which the sentence is served' – those things occurring within the prison." *Id*. (quoting *Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999) (per curiam)). In contrast, "section 2255 now

3

serves as the primary means for a federal prisoner to challenge his conviction or sentence – those things that were ordered in the sentencing court." *Taylor*, 990 F.3d at 495. Thus, a federal prisoner generally may not use a § 2241 petition to challenge a conviction or the enhancement of an underlying sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Rather, a prisoner that wishes to challenge the legality of his conviction or sentence must file a motion under § 2255 in the court that sentenced him. *Id*. (explaining the distinction between a § 2255 motion and a § 2241 petition).

The "savings clause" of 28 U.S.C. § 2255(e) creates a narrow exception to the prohibition against challenging a conviction or sentence in a § 2241 petition, allowing such a petition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). However, a motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed, because he did not file a § 2255 motion or because he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002). Rather, to properly invoke the savings clause to challenge a sentence in a § 2241 petition, a petitioner generally must show that, after his conviction became final, the United States Supreme Court issued a retroactively applicable decision establishing – as a matter of statutory interpretation – either that his federal conviction is invalid because his conduct did not violate the statute, *see Wooten v. Cauley*, 677 F.3d 303, 307–08 (6th Cir. 2012), or that his federal sentence is excessive because a prior conviction used to enhance his or her federal sentence no longer qualifies as a valid predicate offense. *See Hill v. Masters*, 836 F.3d 591, 599–600 (6th Cir. 2016). The retroactive case of statutory interpretation upon which the petitioner relies must be a United States Supreme Court decision, not a decision from a United States Court of Appeals. *See Hueso v. Barnhart*, 948 F.3d

324 (6th Cir. 2020). Finally, "a federal prisoner cannot bring a claim of actual innocence in a § 2241 petition through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief." *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019). Because the savings clause of § 2255(e) is a jurisdictional bar that a petitioner must clear prior to bringing a challenge to his conviction or sentence in a § 2241 proceeding, the failure to meet these requirements mandates dismissal of the § 2241 petition for lack of subject-matter jurisdiction. *Taylor*, 990 F.3d at 499–500 ("Unless [the petitioner] proves that a section 2255 motion is inadequate or ineffective to challenge his sentence, no court may entertain his application for a writ of habeas corpus under section 2241.").

After conducting the initial screening of Glass's § 2241 petition,[4] required by 28 U.S.C. § 2255, the Court concludes that both of his ineffective assistance of counsel claims must be dismissed, as Glass may not raise these constitutional claims in a § 2241 petition. An ineffective assistance of counsel claim (which is a Sixth Amendment claim) is a constitutional claim of ordinary trial error that could have been, and therefore must have been, pursued on direct appeal or in an initial motion under § 2255. *See Mallard v. United States*, 82 F. App'x 151, 153 (6th Cir. 2003) (claim under *Strickland* that counsel was ineffective may not be pursued under § 2241).

Glass's ineffective assistance of counsel claims—as to § 924 exposure and plea merits—were previously available to him, and he has not "shown that anything prevented or foreclosed him from making his argument at his sentencing, on direct appeal . . ., or in an initial § 2255 motion." *Wright*, 939 F.3d at 706. Thus, because Glass cannot show "he had no prior reasonable opportunity to bring his argument for relief," *Wright*, 939 F.3d at 705, he may not raise the ineffective assistance of counsel claims in a § 2241 petition via the savings clause of § 2255(e). *Id*.

---

4 With appropriate lenity toward a pro se filer.

at 706. Accordingly, the Court dismisses such claims for lack of subject-matter jurisdiction. *See Taylor*, 990 F.3d at 499 ("A district court has no jurisdiction over an application for habeas under section 2241 if the petitioner could seek relief under section 2255, and either has not done so or has done so unsuccessfully.").

Turning to Glass's claims that his sentence was improperly enhanced under the ACCA, it is not clear that Glass has justified proceeding in a § 2241 petition via the savings clause of 28 U.S.C. § 2255(e). However, in light of the limited record before the Court at this stage of the proceedings, the Court concludes that a response is warranted, particularly to clarify whether this Court has subject matter jurisdiction over Glass's savings-clause challenges to his sentence.

Accordingly, it is hereby **ORDERED** as follows:

1. To the extent that Glass's § 2241 petition raises claims of ineffective assistance of counsel, those claims are **DISMISSED** for lack of subject-matter jurisdiction;

2. The Clerk of the Court shall send a copy of Glass's petition for a writ of habeas corpus filed pursuant to § 2241 (DE 5), his Memorandum in Support of his petition (DE 1-1), and this Order by certified mail to the Respondent Warden David Paul, the Attorney General for the United States, and the United States Attorney for the Eastern District of Kentucky;

3. Respondent shall file a response to the Glass's claims in his § 2241 petition that the sentence was improperly enhanced under the ACCA within 60 days. The response shall be in the form of a memorandum addressing the factual allegations and legal claims contained in the petition; a formal motion to dismiss or for summary judgment is not necessary or appropriate for these proceedings. Respondent shall

       also include any documentary evidence relevant to either Petitioner's claims or Respondent's response thereto as attachments; and

4.     Glass may file a reply in further support of his petition within 30 days after the Respondent files his response. The petition will stand submitted for further review and decision at that time.

This the 14th day of December, 2022.

Signed By:
*Robert E. Wier* /REW/
United States District Judge