UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| AVERY GLASS,<br><br>    Petitioner,<br><br>v.<br><br>WARDEN DAVID PAUL,<br><br>    Respondent. | No. 5:22-CV-040-REW<br><br><br><br>MEMORANDUM OPINION<br>AND ORDER |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court *sua sponte*. Petitioner Avery Glass previously filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking relief from his sentence on the grounds that his counsel was ineffective and that his sentence was improperly enhanced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). *See* DE 1; DE 5. The Court conducted the initial screening of Glass's § 2241 petition, as required by 28 U.S.C. § 2243, and dismissed Glass's ineffective assistance of counsel claims for lack of subject-matter jurisdiction. *See* DE 17 at 5. However, the Court concluded that Glass's claims that his sentence was improperly enhanced under the ACCA warranted a response from Respondent, particularly to clarify whether this Court has subject-matter jurisdiction over these claims. *See id*. at 4–5.

In response, Respondent moved to stay this matter pending the United States Supreme Court's decision in *Jones v. Hendrix*, No. 21-857, which was anticipated to address whether a federal prisoner may challenge his conviction or sentence in a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, such as that filed by Glass. *See* DE 25. The Court granted this motion and stayed this matter on February 17, 2023. *See* DE 28. In light of the Supreme Court's

1

Opinion in *Jones*, which has now been released, *see Jones v. Hendrix*, No. 21-857, 2023 WL 4110233 (June 22, 2023), the Court will lift the stay. As the Supreme Court in *Jones* has now made clear that Glass may *not* challenge his sentence in a § 2241 petition based upon an intervening change of statutory interpretation, his petition will be dismissed for lack of subject-matter jurisdiction.

By way of background, in June 2007, Glass pleaded guilty in the United States District Court for the Eastern District of Missouri to one count of being a being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)(1), (2)(A), and (B) (Count Five); and one count of possession of a firearm in relation to and in furtherance of possession with intent to distribute cocaine base in violation of 18 U.S.C. § 924(c)(1)(A) (Count Six). *See United States v. Glass*, 6:07-cr-3040-BCW-1 (W.D. Mo. 2007) at DE 12; DE 20; DE 23; DE 25. Because of Glass's criminal history, the sentencing court determined that he qualified as an armed career criminal under the ACCA, and was, therefore, subject to a mandatory minimum sentence of 15 years' imprisonment pursuant to 18 U.S.C. § 924(e)(1).[1] On November 19, 2007, Glass was sentenced to a term of imprisonment of 202 months on Count Five and 68 months on Count Six, to run consecutively, for a total term of imprisonment of 270 months. 6:07-cr-3040-BCW-1 (W.D. Mo. 2007) at DE 29.

In June 2016, Glass filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, raising the claim that he no longer qualified as an armed career criminal under the ACCA in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See Glass v. United States*, 6:16-cv-3228-BCW (W.D. Mo. 2016) at DE 1. This motion was denied in June 2017. 6:16-cv-3228-BCW (W.D. Mo. 2016) at DE 19. Glass appealed to the United States Court of Appeals for

---

[1] The ACCA includes a sentencing enhancement for offenders with three or more prior convictions for a "serious drug offense" or a "violent felony." 18 U.S.C. § 924(e)(1).

the Eighth Circuit, which affirmed the District Court. *Glass v. United States*, No. 17-2540 (8th Cir. Dec. 21, 2018).[2]

In his § 2241 petition filed in this Court, Glass argues that his sentence was improperly enhanced under the ACCA because his prior drug convictions no longer qualify as valid predicate offenses in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), and his prior convictions for robbery in the second degree and institutional vandalism no longer qualify as valid predicate offenses in light of *Borden v. United States*, 141 S. Ct. 1817 (2021). *See* DE 5 at 5–6; DE 1-1 at 10–11. Because Glass has already filed a motion under § 2255 in the sentencing court, he may not "file a second or successive § 2255 motion based solely on a more favorable interpretation of statutory law adopted after his conviction became final and his initial § 2255 motion was resolved." *Jones*, 2023 WL 4110233, at *4. Section § 2255 bars second or successive § 2255 motions unless they are based on "newly discovered evidence" or "a new rule of constitutional law." 28 U.S.C. § 2255(h)(1)–(2).

Prior to the Supreme Court's decision in *Jones*, many federal circuit courts of appeals (including the Sixth Circuit) allowed a federal prisoner to challenge his conviction or the enhancement of his sentence in a § 2241 petition filed pursuant to the "saving clause" of 28 U.S.C. § 2255(e), which authorizes a habeas petition if it appears that the remedy afforded by 28 U.S.C. § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *See* 28 U.S.C. § 2255(e). For example, in the Sixth Circuit, a petitioner could satisfy the saving clause (and, therefore, challenge his sentence in a § 2241 petition) by showing "'that he had no prior reasonable opportunity to bring [his] argument' in his earlier section 2255 proceedings . . . by identifying a

---

[2] In October 2019, Glass filed a second or successive § 2255 motion, which was dismissed for lack of jurisdiction, as Glass had not obtained authorization from the United States Court of Appeals for the Eighth Circuit prior to filing his motion. *Glass v. United States*, 6:19-cv-3385-BCW (W.D. Mo. 2019) at DE 31.

Supreme Court decision that post-dates his original section 2255 proceedings, adopts a new interpretation of the statute of conviction, and supports his innocence claim." *Taylor v. Owens*, 990 F.3d 493, 499 (6th Cir. 2021) (quoting *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019)).

However, in the clarifying *Jones*, the Supreme Court held that "the saving clause does not authorize such an end-run around the AEDPA." *Jones*, 2023 WL 4110233, at *7. Rather, the inability of a prisoner with a statutory claim to satisfy the two limited conditions specified by § 2255(h), "in which Congress has permitted federal prisoners to bring second or successive collateral attacks on their sentences . . . does not mean that he can bring his claim in a habeas petition under the saving clause." *Id.* at 9. Instead, the Court found that "[i]t means that he cannot bring it at all." *Id.* Thus, just as a federal prisoner may not rely in a favorable change of statutory law to file a second or successive § 2255 motion, neither may he raise such a claim in a § 2241 petition on the grounds that the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of his detention. *See id*. at *7.

In light of *Jones*, a federal prisoner may no longer seek relief from his conviction or sentence, in a § 2241 petition via the § 2255(e) saving clause, based upon a favorable change in statutory interpretation; this is the exact claim that Glass seeks to pursue here. The saving clause is a jurisdictional bar that a petitioner must clear prior to bringing a challenge to his conviction or sentence in a § 2241 proceeding. *See Taylor*, 990 F.3d at 499–500. Because, under *Jones*, Glass is unable to clear this hurdle, his § 2241 petition must be dismissed for lack of subject-matter jurisdiction.[3]

---

[3] Under the authority of 28 U.S.C. § 2243, the Court may rule on Glass's petition *sua sponte* if it appears that Glass is entitled to no relief, here with the context being post-*Jones*. Here, a *sua sponte* ruling is appropriate because both parties were well-aware that the *Jones* decision, upon release, would likely resolve the liminal jurisdictional question in the case. *See* DE 25 (Motion to Stay pending *Jones's* resolution); DE 27 (Glass's Response) ("Petitioner understands that *Jones v. Hendrix* has some impact on

4

Accordingly, the Court **ORDERS** as follows:

1. The Court **LIFTS** the stay previously imposed in this matter (*see* DE 28);

2. The Court **DISMISSES** DE 5, Glass's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, for lack of subject-matter jurisdiction;

3. The Court **DIRECTS** the Clerk to **STRIKE** this matter from the Court's docket; and

4. A corresponding Judgment will be entered this date.

This the 28th day of June, 2023.

Signed By:
*Robert E. Wier* /s/ REW
United States District Judge

---

Petitioner['s] case."); DE 28 (Order Granting Stay). Therefore, the Court, given the clarity of *Jones*, elects against seeking input from the parties before dismissing Glass's petition.